FILED
CLERK, U.S. DISTRICT COURT

**JULY 29 2019**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___**RS**___ DEPUTY

1 **RAY BUTLER, IN PRO SE**
2 **3347 CASPIAN DR.**
**PALMDALE, CA 93551**
3 **(661) 538-9283**
Attorney In pro se

4

**UNITED STATES DISTRICT COURT**
5 **CENTRAL DISTRICT OF CALIFORNIA**

6

7

8 CHARLES BUTLER, by and through RAY )   CASE NO.: **2:19-CV-06536-FMO-JCx**
BUTLER, his heir, personal representative and )
9 successor in interest; RAY BUTLER, )   **COMPLAINT FOR DAMAGES**
individually, )
10 )   **1. ELDER ABUSE/NEGLECT**
Plaintiff, )   **pursuant to WELFARE AND**
11 )   **INSTITUTIONS CODE 15600 et.**
*vs.* )   **seq.**
12 )
UNITED STATES OF AMERICA; )
13 VETERAN'S ADMINISTRATION )
HOSPITAL SEPULVEDA and )
14 DOES 1 THROUGH 250, )
)
15 Defendants )
)
16 )
)
17 )
)
18

19 **PRELIMINARY STATEMENT**

20     1.     The gravamen of this action is the abuse and neglect of Charles Butler,

21 which occurred at the VETERAN'S ADMINISTRATION HOSPITAL SEPULVEDA

22 (hereinafter VA), a United States of American entity, located at 16111 Plummer, North

23 Hills, California 91343 and DOES 1-100.

24

25     2.     As set forth herein, Defendants, DOES 1 through 10 were owners,

26 operators, managers and/or licensees of VA.

27     3.     As set forth herein, Defendants, DOES 11-20 were physicians, employed

28

1

**COMPLAINT FOR DAMAGES**

RECEIVED
CLERK, U.S. DISTRICT COURT

**JULY 24 2019**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

by the United States and/or VA who rendered below standard physician care and services to CHARLES BUTLER while he was a patient at the VA.

4.     As set forth herein, Defendants, DOES 21 through 30 were Administrators and managing agents of VA while Charles Butler was a patient at VA.

5.     As set forth herein, Defendants, DOES 31 through 40 were Administrators and managing agents of VA while CHARLES BUTLER was a patient of VA.

6.     As set forth herein, Defendants, DOES 41 through 50 were Directors of Nursing and managing agents of VA while CHARLES BUTLER was a patient of VA.

7.     As set forth herein, Defendants, DOES 51 through 60 were Medical Directors and managing agents of VA while CHARLES BUTLER was a patient of VA.

8.     As set forth herein, Defendants, DOES 61 through 70 were nurses and other healthcare staff and employees of VA who provided healthcare services to CHARLES BUTLER while he was a patient at VA.

9.     As set forth herein, Defendants 71 through 80 were CNAs and other non-health care providers, employed by VA who neglected and abused CHARLES BUTLER while he was a patient in VA.

10.     As set forth herein, Defendants, DOES 81 through 90 were Physician's Assistants or Nurse Practitioners, employed by VA, who rendered negligent and recklessly neglectful healthcare services to CHARLES BUTLER while he was a patient at VA.

11.     As set forth herein, Defendants, DOES 91-100 rendered negligent and recklessly neglectful care and services to CHARLES BUTLER in an unknown capacity, whether healthcare or non-healthcare, while he was a patient or resident VA.

2

**COMPLAINT FOR DAMAGES**

12.     CHARLES BUTLER, by and through RAY BUTLER, his heir, successor in interest and personal representative,  complains of Defendants, and each of them, on information and belief as follows:

THE PLAINTIFF

13.     CHARLES BUTLER, deceased, brings this action by and through his wife, personal representative, heir and successor in interest, RAY BUTER

14.     At all times herein mentioned, CHARLES BUTLER, while a patient of VA, was legally insane for purposes of CCP §352 inasmuch as he was of unsound mind, was incapable of understanding his legal rights and was incapable of caring for his property, transacting business and/or understanding the nature or effects of his acts. His legal insanity continued from his admission to VA in March 2016 through his last admission in September 2018. Therefore, all causes of action are tolled until his death on April 7, 2019.

15.     To date, Plaintiff has not received notification of any class actions being initiated against the defendants named in this case.  However, to the extent that any class action has been initiated, or is initiated in the future, against any and/or all Defendants, Plaintiff hereby declines to be a part of any such class action and, instead, opts to proceed against Defendants by way of this complaint.

**GENERAL STATEMENT OF FACTS**

16.     Prior to the acts complained of herein, CHARLES BUTLER suffered from Parkinson's and required 24 hour care, primarily from his wife, RAY BUTLER.   She occasionally hired private caregivers at home.  As a US Veteran, CHARLES BUTLER was entitled to care from the VA to provide his wife with respite.

**Admissions to VA (March 2016 through September 2018 )**

3

**COMPLAINT FOR DAMAGES**

17.     In or about March 2016 and various times thereafter, CHARLES BUTLER was admitted to VA for the purpose of providing respite care. On admission and throughout his hospitalizations he was confused and disoriented and did not appreciate what was happening to him. He was totally dependent upon his wife and family members to advocate for his needs. He was neglected throughout his stays. He could not communicate or ambulate on his own. He required a heightened level of care at all times during his admissions. Defendants offered one excuse after the other for not turning and repositioning him, cleaning him and off-loading pressure from his legs, heels and sacrum. When his family and friends came to visit, they found him with severe bruises and skin breakdown. They found him flat on his back, without any pressure relieving devices in place, unclean, lying in urine or feces. Complaints were met with promises to do better but ignored.

18.     On each discharge from respite care, he had acquired severe pressure sores. On admission he had none but by the time of discharge due to neglect, they had returned.

19.     It is unacceptable to acquire pressure sores in an acute care hospital regardless of the co-morbidities. Not only did MR. BUTLER acquire pressure sores at the VA, but due to lack of treatment, including, but not limited to turning and repositioning him at least every 2 hours, keeping him clean and dry, implementing mandatory infection control precautions and off-loading pressure points, his pressure sores worsened and became infected, requiring outpatient wound.

20.     Not only was MR. BUTLER not provided with even basic care such as adequate nutrition, hydration and hygiene, but nurses and CNAs were constantly going from patient to patient without observing infection control precautions such as washing

4

**COMPLAINT FOR DAMAGES**

1    their hands or changing their gloves.  As a result, MR. BUTLER's wounds became

2    infected.

3        21.    At home, MR. BUTLER had to be restrained so that he could not climb

4    out of bed or pull out tubes.  Although the VA is a restraint free facility, for his safety MR.

5    BUTLER had to be closely observed.  Although close observation was ordered, the nurses

6    and CNAs failed to follow these orders.  His family would visit and find him completely

7

8    naked in the bed with bruises and sores all over his body.  He was neglected and abused

9    and instead of being rehabilitated, he was not turned, repositioned or kept clean and dry.

10   He was not provided with adequate nutrition and hydration.  He was not provided with

11

12   even minimum levels of good hygiene and grooming.  His pressure ulcers, absent on

13   admission, developed and worsened during his stay.

14       22.    Each time RAY BUTLER would pick her husband up from respite care,

15   he had been neglected.  She spoke with nurses and managing agents of the VA to

16   complain.  Each time, they said they would do better and denied that he had been

17

18   neglected.  The records reflected that he was admitted with no sores and discharged with

19   recurrence of pressure sores.  Call lights went unanswered during his admission, he was

20   left lying in urine and feces, which was not only humiliating, but caused him further skin

21   breakdown.  He was neglected and abandoned.  During the few times that he was

22

23   transferred out of her bed and into a chair, there were not enough staff to use the lift and

24   staff attempted to get him out of bed by themselves, often with only one person assisting.

25   MR. BUTLER was completely helpless to assist with transfers. The family's  complaints

26   and concerns fell on deaf ears.

27   **LIABILITY OF DEFENDANTS**

28
         23.    Unbeknownst to RAY BUTLER, prior to her husband's admissions to

**COMPLAINT FOR DAMAGES**

VA, the Department of Public Health (DPH) had received multiple complaints that VA patients had been mistreated and neglected and that patients were not being provided with the minimum care mandated by state law.  DPH investigations not only substantiated many of the complaints filed with their office but DPH investigations uncovered additional deficiencies.  Even after the owners and managing agents of VA were notified of the prior complaints and deficiencies in patient care, they failed to take action to ensure the patients entrusted to their care in the future, including CHARLES BUTLER, would not be subjected to acts of mistreatment, neglect and/or abandonment.

24.    Based on CHARLES BUTLER's prior medical history and assessments performed on him, VA staff  (including DOES 1 through 100) knew CHARLES BUTLER's health and safety would be put at great risk, especially because he was an elderly, dependent person, suffering from Parkinson's since 2005, if he was not provided with necessary supervision as well as needed medical care and services. Said Defendants also knew that due to his physical and mental condition, he was unable to provide for his own basic needs and was dependent on them for meeting his basic needs including sufficient nutrition, hydration and hygiene as well as needed medical care and health services. Nevertheless, not only was said care and services routinely withheld from CHARLES BUTLER but he was not even provided with the minimum care mandated by state law and the standard of care even though Defendants knew it was substantially certain he would suffer injury due to the failure to provide the care and services he needed and which were mandated by law. Moreover, the ongoing and repeated nature of Defendants' failure to provide such care and services demonstrates that Defendants acted with a conscious disregard of the high probability CHARLES BUTLER would suffer injury as a

6

**COMPLAINT FOR DAMAGES**

1  result of their failure to provide the care and services he needed and which was mandated

2  by law.

3  **Failure to Provide Care to Prevent Development/Progression of Decubitus Pressure**

4  **Ulcers**

5
6          25.     The well-established standard of care in the health industry requires care to

7  prevent the formation and progression of decubitus pressure ulcers including the following:

8  1) repositioning of the patient;  2) skin care; 3) self-care training; 4) maintaining proper

9  body alignment and joint movement; 5) use of pressure-reducing devices (e.g. skin

10 protectors, special mattresses); 6) keeping the patient's skin clean and dry and free from

11
12 feces or urine and 7) carrying out physician orders.  In addition, there are very specific

13 state and federal laws which govern and set the standard of care.

14         26.     Nevertheless, while CHARLES BUTLER was a patient at VA, not only

15 were the required care and services not provided, but he was consistently left lying in his

16 bed, unattended and unassisted, for excessively long periods of time during which time his

17
18 needs were ignored and disregarded.  Day after day he was forced to lie in bed in one

19 position for hours at a time which was not only extremely uncomfortable, but it prevented

20 him from getting proper circulation to prevent the development and progression of

21 decubitus pressure ulcers.  Moreover, on frequent occasions, he was left lying in his own

22
23 excrement and/or urine soaked diapers/linens for excessively long periods of time which

24 not only caused him to suffer a complete loss of dignity and severe emotional distress, but

25 also caused him to unnecessarily develop pressure ulcers which went untreated for so long

26 the ulcers became severely infected.  In further blatant violation of the established standard

27 of care, the VA staff failed to notify CHARLES BUTLER's physicians when the decubitus

28

**COMPLAINT FOR DAMAGES**

ulcers first occurred and/or progressed and when treatment ordered for the ulcers was not effective.

27.     Even after facility staff knew CHARLES BUTLER had developed pressure ulcers and knew the pressure ulcers were getting worse, said Defendants continually failed to follow his patient care plan or reassess his condition and implement a new care plan based on his worsening condition.

28.     In further violation of the standard of care, Defendants failed to report the status of the deteriorating and changing condition of CHARLES BUTLER's decubitus pressure ulcers to his attending physician or responsible party.

29.     As a result of Defendants' failure to provide necessary care and services, CHARLES BUTLER needlessly suffered ongoing severe physical pain and mental suffering related to the formation and progression of decubitus pressure ulcers.

**Failure to Provide Necessary Services to Prevent Malnutrition/Dehydration**

30.     During the time CHARLES BUTLER was a patient at the VA, the Administrators, the Directors of Nursing, the Medical Directors, knew he could not feed or hydrate himself and, therefore, was dependent on them, or the VA staff under their supervision and control, to provide him with necessary nutrition and hydration. Defendants also knew that because he had developed decubitus ulcers, it was imperative to pay close attention to his nutritional intake to ensure he was getting sufficient amounts of calories, protein and vitamins needed for her body to heal and fight infection.

31.     Nevertheless, CHARLES BUTLER was not provided with the assistance he required and, in fact, he was not provided with even the minimum amount of nutrition and hydration which his body required to remain healthy.  On several occasions members of his family arrived at the VA to find CHARLES BUTLER's food was cold and sitting on a

8

**COMPLAINT FOR DAMAGES**

tray beyond his reach without anyone available to assist him with eating.   Rarely would any staff provide assistance with his feeding.

32.     Because CHARLES BUTLER was not provided with even the minimal amount of nutrition and hydration which his body required, he needlessly became severely dehydrated and malnourished and was denied the nutrition his body needed to remain healthy and heal from the decubitus pressure ulcers which had been permitted to develop and progress due to Defendants' failure to provide necessary care. Nor could he heal from infections and was at high risk for additional and worsening infections.

33.     The VA's Administrators, Directors of Nursing, Medical Directors, managing agents knew he was becoming increasingly malnourished and dehydrated but said Defendants continually failed to follow his patient care plan or reassess his condition and implement a new care plan based on his worsening condition.  In addition, CHARLES BUTLER's physicians, knew that he was becoming increasingly malnourished and failed to timely assess and treat his malnutrition. As a result, he became more malnourished and more dehydrated and his overall condition unnecessarily deteriorated.

34.     In further violation of the established standard of care, Defendants failed to report CHARLES BUTLER's deteriorating and changing nutrition and hydration status to his doctors or responsible party.

**Failure to Assist with Personal Hygiene**

35.     Because of the physical/mental restrictions which CHARLES BUTLER had when he was admitted to VA, facility staff, Defendant physicians, and/or employees/agents under their supervision and control, knew he was dependent on them for basic personal hygiene care.

9

**COMPLAINT FOR DAMAGES**

36.     Nevertheless, while CHARLES BUTLER was a patient in the VA, he was not regularly bathed nor regularly provided clean changes of clothes. On repeated occasions, his face was not cleaned, his mouth was not cleaned nor was his hair groomed.  Additionally, his room and the surrounding area smelled of excrement and urine.  As set forth below, he was also consistently left lying in her own feces and urine for prolonged periods of time while the staff ignored calls for assistance.

37.     As a result of Defendants' failure to assist CHARLES BUTLER with necessary and basic personal hygiene, he needlessly suffered severe emotional distress and embarrassment as well as associated physical discomfort related to the failure of the VA staff to provide him with the assistance she required with hygiene care.

**Failure to Observe JERRI PRIDE' Right of Privacy / Right to a Dignified Existence**

38.     Defendants' and/or personnel under their supervision and control repeatedly failed to treat CHARLES BUTLER with dignity and respect and repeatedly violated his rights of privacy and self-determination.   He was left in his bed naked for anyone who walked by to see.

**Failure to Respond to Call Lights / Provide Care to Prevent or Reduce Incontinence**

39.     The standard of care requires patient call lights to be answered in a reasonably prompt manner.   However, when CHARLES BUTLER or his family members would press the call light, the nursing staff  either failed to answer the call button promptly or failed to respond at all, causing him to be lie in one position for prolonged periods of time, often in urine and feces causing him humiliation and loss of dignity and respect.

**Failure to Prevent Spread of Infection**

40.     At the times CHARLES BUTLER was admitted to the VA, the owners and managers of the facilities as well as their personnel knew the facility and/or patients in the

10

**COMPLAINT FOR DAMAGES**

facility were infected with life-threatening bacteria easily passed from patient to patient if necessary infection procedures are not implemented or followed. Nevertheless, Defendants consistently failed to implement and/or follow well-established infectious disease safety precautions to prevent the infection from spreading (e.g., washing hands, wearing gloves, processing dirty linens safely, etc.).

41.     Additionally, even though the owners and managing agents of the VA MEMORIAL, knew their staff was consistently failing to implement and/or follow infectious disease safety precautions established in the healthcare industry, said owners and managing agents took no action to ensure proper infection procedures were actually implemented and followed at the facilities.

42.     In this case, Defendants knew that because CHARLES BUTLER had open pressure ulcer/wounds, he was particularly susceptible to contacting a life-threatening bacterial infection which would cause him to suffer extreme physical pain and mental distress.  Nevertheless, Defendants failed to take any action to ensure necessary safety precautions were implemented by facility staff during their care and treatment of him or any other patients.  The VA staff were consistently observed moving from patient to patient and room to room without washing their hands and without wearing gloves.

43.     Because safety precautions were not implemented and/or were consistently disregarded, CHARLES BUTLER developed severe life threatening infections.
to provide and which they promised to provide.  By virtue of the relationship between JERRI PRIDE and Defendants, Defendants owed JERRI PRIDE a fiduciary duty to act with the utmost good faith and fairness in all matters pertaining to her health, care and comfort and relating to the provision of services needed for her care and treatment.

11

**COMPLAINT FOR DAMAGES**

**Failure to Provide Sufficient Staff Properly Trained to Provide the Care Mandated by Law**

44.　As recognized by the California Legislature and as a matter of common knowledge within the healthcare industry, the quality of patient care is dependent on the number and competence of the personnel who staff the facilities.

45.　Nevertheless, the owners and managing agents of the VA did not provide the amount of staff mandated by Title 22.　Moreover, the VA staff were not provided the training mandated by law and certainly were not properly trained to provide the care required by CHARLES BUTLER.

46.　Because the VA failed to provide a sufficient number of nursing and CNA personnel who were appropriately trained to provide the care required by CHARLES BUTLER, he was not provided with the care required by law and which was necessary for his health and safety.　As a result, he endured prolonged and unnecessary physical pain and mental suffering.

**Fraudulent/Inaccurate/Incomplete Charting**

47.　The VA's records concerning CHARLES BUTLER were not complete or accurate.　The records falsely state that he was receiving or refusing certain care or services when, in fact, the care or services were not being offered or provided.　Moreover, facility personnel consistently failed to document the true status of his decubitus ulcers, hydration, nutrition and/or the infections which he contracted.　As a result, he was denied needed medical care because other health care professionals and service providers detrimentally relied on the fraudulent, inaccurate and/or incomplete records in evaluating and ordering care and services and, based on those records, did not order necessary care

1 and services that would have been ordered had the records been true, accurate and

2 complete.

3      48.    All of the above acts and omissions of Defendants, and/or their

4 employees/agents, which caused CHARLES BUTLER to suffer extreme and unnecessary

5 emotional and physical pain and suffering, were caused, in part, by the failure of the VA,

6 to provide even the minimal amount of staff mandated by law, the failure to provide its

7 staff with the training mandated by law, the failure to hire staff that was qualified to

8 provide the services needed by CHARLES BUTLER, the failure to establish and

9 implement policies and procedures mandated by state law and the failure to provide

10 sufficient financial resources so that the staff could provide the care and services mandated

11 by state law and the failure of the defendants to conform to the standard of care in the

12 community.

13 **THE DEFENDANTS**

14      49.    At all times herein mentioned, Defendants, and each of them, were and are

15 residents of, or were doing business in, the County of Los Angeles, State of California.

16      50.    All Defendants, and all the employees and agents of Defendants, had care or

17 custody of CHARLES BUTLER and were her "care custodians" as defined by Welf. &

18 Inst. Code §15610.17.

19      51.    At all times herein mentioned, except for the time that any arbitration

20 agreement may have been signed, each Defendant was the agent, servant, partner,

21 employee and joint venturer of each of the remaining Defendants, and each Defendant was

22 at all times acting within the course and scope of said agency, employment and joint

23 venture with the permission and consent of each co-Defendant.

13

**COMPLAINT FOR DAMAGES**

52.     All corporate Defendants are, and at all times herein mentioned were, corporations doing business in the State of California.  Furthermore, all corporate Defendants are, and at all times mentioned herein were, the alter-egos of each and every other Defendant and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between said Defendants such that any separateness between them has ceased to exist in that the defendants have completely controlled, dominated, managed, and operated the corporate defendants and have intermingled the assets of each to suit their convenience.  Further, the corporate defendants are, and at all times mentioned herein were, mere shells, instrumentalities and conduits through which Defendants carried out their business in the corporate name while exercising complete control and dominance of the business such that individuality or separateness did not exist.

53.     At all times herein mentioned, each Defendant authorized and/or ratified the acts of all employees, agents and co-Defendants under their supervision and/or control.

**Officers, Directors, Owners, Managing Agents and Employees of the VA**

54.     Each Defendant who provided services to CHARLES BUTLER at the VA had a duty to provide the care and services mandated by Title 22 of the California Code of Regulations and the California Health & Safety Code and to require others under their supervision to do the same.

55.     At all times herein, Defendant VA, was a 24-four-hour health facility as defined by Health & Safety Code §1250 which was owned, administrated, operated and managed by Defendants, DOES 1 through 100. Each said Defendant was involved in the administration, operation, management and/or supervision of the patients and employees of the VA as well as the management and supervision of the care and custody provided to CHARLES BUTLER at the VA.  Said Defendants employed the personnel working at the

**COMPLAINT FOR DAMAGES**

VA and said Defendants are vicariously liable for the acts and omissions of their employees/agents, as permitted by law.

56.     At all times herein, Defendant Administrators, were charged with the general administration of the VA, had authority and responsibility to organize and carry out the day-to-day functions of the facilities, and had responsibility to establish and implement policies and procedures to govern the facilities. Said Defendants were also involved in the management and supervision of patients at the VA and were "care custodians" of CHARLES BUTLER, as that term is defined by Welf. & Inst. Code §15610.17, while she was a patient in the facility.  Said Defendants were managing agents of the VA and all other persons/entities who employed facility personnel.

57.     At all times herein, Defendant Directors of Nursing of the VA had administrative authority, responsibility and accountability for all nursing services within the facility and had responsibility to establish and implement policies and procedures to govern the facilities. Said Defendants were also involved in the management and supervision of patients at the VA and were "care custodians" of CHARLES BUTLER, as that term is defined by Welf. & Inst. Code §15610.17, while she was a patient in the facility.  Said Defendants were managing agents of the VA and all other persons/entities who employed facility personnel or managed the VA.

58.     At all times herein, DOES 1 - 100 were "care custodians" of CHARLES BUTLER as defined in Welf.& Inst. Code §15610.17 and/or otherwise had custody of him and/or provided care and services to him while he was in the VA.  Said Defendants were employees and/or agents of the VA and/or the Defendants identified above who owned, operated or managed the facility.

**Wrongful Conduct of the VA and DOES 1-100.**

**COMPLAINT FOR DAMAGES**

59.     In accordance with a premeditated plan of promoting their own personal and/or financial interests over the health and safety of elderly/dependent adult patients in their custodial care, Defendants and DOES 1 through 100, consistently exhibited a deliberate and total disregard of the high probability that the patients in their care or custody, including CHARLES BUTLER, would suffer great physical and emotional harm as follows:

a.     Notwithstanding the fact that Defendants knew the VA was required to maintain staffing levels in compliance with the minimum staffing levels mandated by Title 22 so that patients could receive at least the minimal amount of nursing care required by law, Defendants failed to maintain staffing levels in compliance with the law and, as a result, patients in their custodial care, including CHARLES BUTLER, were not provided with the care and treatment they required to meet even their basic health needs.

b.     Although Defendants knew the quality of patient care in the hospital was dependent upon the competence of its nursing staff and that Title 22 of the Code of Regulations had established the minimum amount of training the VA was required to provide to their nursing staff, Defendants failed to provide such training knowing nursing personnel at the VA were not properly trained and/or qualified to attend to needs of its patients, including CHARLES BUTLER.

c.     Defendants knew, via prior patient complaints as well as prior state investigations, that facility employees had consistently neglected patients at the VA and that such neglect had become a known pattern of conduct at the hospital.  Nevertheless, Defendants consistently failed to reasonably investigate said complaints and/or to make a good faith effort to correct known deficiencies in patient care.

**COMPLAINT FOR DAMAGES**

d.      Defendants knew they were required to establish and implement  policies and procedures mandated by law to ensure the facility was adequately staffed, that the nursing staff  was adequately trained, qualified and supervised, and that the nursing staff had adequate guidance as to the care they were required to provide.  Nevertheless, Defendants failed to establish, implement and/or review said policies and procedures and, as a result, the VA staff did not provide CHARLES BUTLER with even the minimal care he required for her health and safety.

e.      Despite Defendants' knowledge regarding the many inadequacies of patient care at the VA, Defendants failed to take any corrective action, and thus directly engaged in reckless conduct causing injuries to patients at the VA, including CHARLES BUTLER, as well as authorized and/or ratified the conduct of the employees under their supervision and control.

60.      The VA budgets, which were approved by Defendants, were so completely inadequate and unrealistic that the VA personnel were  unable to provide the nursing hours, care and services needed by CHARLES BUTLER and which were mandated by state law and the standard of care.  Adherence to said budget was enforced by the officers, directors, administrators and managing agents of the VA.

**Defendants Providing Physician Services at MEMORIAL GARDENA DPS and KINDRED**

61.      At all times herein, Defendants, DOES  agreed to provide physician, physician assistant and/or nurse practitioner and custodial care services to CHARLES BUTLER while he was in the VA.  Said Defendants were employees or agents of Defendant, VA. Each said Defendant had care or custody of CHARLES BUTLER while

17

**COMPLAINT FOR DAMAGES**

1   he was in the facility and were  "care custodians" of him as defined by Welf.& Inst. Code

2   §15610.17.

3   **Wrongful Conduct of Defendants, DOES 1-100**

4          62.       Defendants knew CHARLES BUTLER was totally dependent on his

5   physicians, physician's assistants, nurse practitioners and the VA staff to monitor her

6   condition and provide the care and services he needed for his health and

7   safety.  Nevertheless, Defendants, and/or their employees/agents, breached the duties they

8   owed to CHARLES BUTLER and, thereby, failed to provide even the minimal care and

9   services necessary to protect the health and safety of the patients entrusted to their care,

10  including CHARLES BUTLER, as follows:

11         a.       Defendants repeatedly failed to take responsibility for CHARLES

12  BUTLER's medical treatment and failed to determine the level of care which he required

13  for his physical and mental health needs.  Instead, Defendants illegally delegated such

14  responsibility to non-physician facility personnel.

15         b.       After illegally delegating responsibility to determine the level of care which

16  CHARLES BUTLER needed to provide for his physical and mental health needs,

17  Defendants also failed to supervise the care provided to CHARLES BUTLER.

18         c.       In violation of the established standard of care, Defendants repeatedly failed

19  to evaluate CHARLES BUTLER as significant changes in his condition required and give

20  orders for his medical care.  Accordingly, Defendants abandoned CHARLES BUTLER (as

21  defined by Welf. & Inst. Code §15610.05) by means of desertion or willful forsaking of

22  him under circumstances in which a reasonable person would have provided care.

23         d.       Defendants repeatedly and fraudulently failed to inform CHARLES

24  BUTLER, or his authorized representative, of his total health status.  As a result, his true

18

**COMPLAINT FOR DAMAGES**

health status and his health needs were concealed from him and his legal representatives and, thereby, Defendants demonstrated a conscious disregard for CHARLES BUTLER's patient rights.

e.     Defendants repeatedly failed to afford CHARLES BUTLER or his legal representatives the opportunity to participate in developing his care plan.  As a result, certain care was provided which was not consented to and other care was not provided which was required to meet his basic health care needs.  Each failure to permit CHARLES BUTLER or his legal representative the opportunity to participate in developing his care plan constituted a conscious disregard for his patient rights.

f.     Defendants consciously failed to participate in preparing and reviewing CHARLES BUTLER's care plan.  Consequently, he was not provided even the minimal amount of care required for his health and safety.

g.     Defendants consciously and repeatedly failed to review and/or revise CHARLES BUTLER's care plan after each significant change in his physical and mental condition. Therefore, the VA staff did not provide the care which he required and, as a result, he was forced to endure prolonged and unnecessary physical  and mental pain and suffering.

63.     As a result of said Defendants' continued and repeated failure to provide CHARLES BUTLER with even the minimal amount of physician care, services and supervision which the law required them to provide, CHARLES BUTLER's patient rights were violated and he suffered needless physical pain and mental suffering.

**General Allegations re DOE Defendants**

64.     The facts linking the fictitiously designated Defendants with the causes of action alleged herein and/or the true names and capacities, whether individual, corporate,

**COMPLAINT FOR DAMAGES**

partnership, or otherwise of Defendants, DOES 1 through 250, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names and will seek to amend this Complaint to show their true names and/or capacities when ascertained.  Said Defendants are sued as principals and/or agents, servants and employees of said principals who were performing acts within the course and scope of their authority and employment.  Each and every Defendant designated herein as a "DOE" is responsible in some actionable manner for the events and happenings referred to herein which proximately caused the injuries and damages alleged.

**FIRST CAUSE OF ACTION FOR ELDER/DEPENDENT ADULT ABUSE AND/OR NEGLECT BY CHARLES BUTLER, by and THROUGH HIS HEIR, SUCCESSOR IN INTEREST, RAY BUTLER AGAINST DEFENDANTS, the UNITED STATES OF AMERICA, THE  VA AND DOES 1-100.**

65.     Plaintiff realleges and incorporates herein by this reference, as though fully set forth, each and every allegation contained in paragraphs 1 through 64 above.

66.     At all times herein mentioned, CHARLES BUTLER, a resident of the State of California, was a member of the class of persons intended to be protected by the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code §15600 et. seq.).  His date of birth was 10/4/36  and he was 80 years old.

67.     Defendants' conduct, and/or the conduct of their employees/agents, as alleged above, constituted statutory "neglect" of CHARLES BUTLER as defined by Welf. & Inst. Code §15610.57.  Defendants, and/or employees/agents under their supervision, withheld essential care, treatment and medical services from CHARLES BUTLER, including food, fluids, medicine and basic nursing and/or palliative care.  Additionally, said Defendants, and/or their employees/agents, failed to exercise that degree of care which

a reasonable person in a like position would exercise, including but not limited to: Failing to provide him with assistance in personal hygiene, failing to provide him with sufficient nutrition and hydration to maintain his health, failing to provide even the minimal medical and/or nursing care which he required for his health and safety, failing to protect him against health and safety hazards and/or failing to take necessary measures to prevent him from suffering from malnutrition and/or dehydration.

69.    Defendants' conduct, and/or the conduct of their employees/agents, as alleged above, constituted statutory "abandonment" of CHARLES BUTLER as defined by Welf. & Inst. Code §15610.05.  Said Defendants deserted and/or willfully forsook him under circumstances in which a reasonable person would have continued to provide care to him.

70.    Defendants, and/or employees under the supervision and control of the defendants, otherwise abused CHARLES BUTLER by depriving him of goods and services (as defined in Welf. & Inst. Code §15610.07) which were necessary to avoid physical harm or mental suffering,  by failing to provide proper medical and/or nursing care for his physical and mental health needs; by failing to protect him from known health and safety hazards; by failing to protect him from malnutrition and dehydration and/or by otherwise failing to provide him with assistance which was necessary to secure his proper mental, emotional and physical health needs.

71.    Defendants and Defendant's employees/agents breached the duties they owed to CHARLES BUTLER under the Elder/Dependent Adult Abuse/Neglect Act and the duties owed under state laws/regulations and failed to require others under their supervision and control to do so, even though said laws/regulations are minimum standards

21

**COMPLAINT FOR DAMAGES**

1    of care which were established protect elderly patients from unnecessary exposure to

2    health and safety hazards.

3        72.    The acts, omissions and conduct of Defendants and/or their

4    employees/agents, and each of them, were reckless, willful, despicable, wanton, malicious,

5    oppressive and in conscious disregard of the rights and safety of CHARLES BUTLER.

6

7        73.    At all times herein mentioned, Defendants authorized, ratified, assisted and

8    encouraged the acts of all VA employees/agents as well as each co-Defendant in this action

9    by failing to establish and implement policies and procedures as mandated by state law,  by

10   failing to  reprimand and/or dismiss employees who were not adequately  qualified to

11   provide care to patients in their custodial care,  by failing to sufficiently train/retrain their

12   employees as mandated by law and by failing to take other reasonable actions to ensure

13   that the elderly/dependent patients in their care and custody, including CHARLES

14   BUTLER were not neglected or abused in violation of the Elder/Dependent Adult

15   Abuse/Neglect Act.

16

17       74.    All of the above-described acts and/or omissions of said Defendants were

18   done recklessly, oppressively, maliciously and/or fraudulently with the knowledge that

19   said acts and/or omissions posed a serious danger to VA's elderly and dependent patients,

20   including CHARLES BUTLER, which the California Legislature recognized are members

21   of  a "disadvantaged class" who are "vulnerable to abuse and incapable of asking for help

22   and protection" (Welf. & Inst.Code §15600).  Nevertheless, Defendants deliberately and

23   continually disregarded the high probability that CHARLES BUTLER's rights would be

24

25   violated and that he would suffer unnecessary pain and suffering.

26

27

28

22

**COMPLAINT FOR DAMAGES**

75.    All of the above-described acts and/or omissions of each of the defendants caused the injuries and damages alleged in the Prayer for Damages for this cause of action as set forth hereinafter.

76.    Prior to commencing this action in Federal Court, Plaintiff in pro se timely filed a claim with the appropriate Federal Agency, the Office of the Chief Counsel, 650 E. Indian School Rd., Bldg. 24, Phoenix, AZ 85012.  On January 23, 2019 the US Department of Veteran's Affairs, Office of the General Counsel notified the Plaintiff that her claim had been denied.

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in an amount within the jurisdiction of the above-entitled court as follows:

**FIRST CAUSE OF ACTION FOR ELDER ADULT ABUSE/NEGLECT (SURVIVAL ACTION);**

1.    For general damages and attorneys' fees, according to proof, as permitted by Welf. & Inst. Code §15657;

2.    For all special damages, including medical and related expenses as well as loss of earnings/earning capacity, according to proof;

3.    For all various and sundry expenses, both past and future, according to proof;

4.    For interest, costs and other damages as permitted by law including, but not limited to, Civil Code §3288 and §3291 as well as CCP §1032 and §1033.5, according to proof;

/ / / / /

23

**COMPLAINT FOR DAMAGES**

1      5.     For such other and further relief as the Court may deem proper and just

2 under the circumstances;

3 DATED: 7/23/19

                                         RAY BUTLER, IN PRO SE

4                                      *Roy Butler*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

