## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-6536 FMO (JCx) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Charles Butler, et al. v. United States of America, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Cheryl Wynn | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**      **(In Chambers) Order Dismissing Action for Lack of Prosecution**

On August 14, 2019, the court issued an order to show cause which noted that plaintiffs' complaint fails to set forth the basis of the court's jurisdiction. (See Dkt. 5, Court's Order of August 14, 2019, at 1). The court ordered plaintiffs to file a first amended complaint ("FAC") no later than August 27, 2019, correcting this deficiency. (See id.). When plaintiffs failed to meet this deadline, the court issued another order, giving them until September 9, 2019, to file the FAC, and warning them that failure to do so "shall result in this action being dismissed for failure to prosecute and/or failure to comply with a court order." (Dkt. 6, Court's Order of August 30, 2019, at 1). As of the filing date of this Order, plaintiffs have not filed a FAC or otherwise communicated with the court. (See, generally, Dkt.).

A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. at 629-30, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388.

In determining whether to dismiss plaintiffs' action pursuant to Rule 41(b), the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261. Having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court and failure to prosecute. See Applied Underwriters, 913 F.3d at 891 ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-6536 FMO (JCx) | Date | September 18, 2019 |
|----------|----------------------|------|--------------------|
| Title | Charles Butler, et al. v. United States of America, et al. | | |

Here, plaintiffs were warned that dismissal was imminent if they did not file a FAC. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); (Dkt. 6, Court's Order of August 30, 2019, at 1). Moreover, in addition to plaintiffs' noncompliance with the Court's Orders of August 14, 2019, (Dkt. 5), and August 30, 2019, (Dkt. 6), plaintiffs have not otherwise communicated with the court to advise as to why plaintiffs have not or will not file a first amended complaint. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).").

Based on the foregoing, IT IS ORDERED THAT the above-captioned case is dismissed without prejudice. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|----|----|----|
| Initials of Preparer | | cw | |